FILED
CLERK, U.S DISTRICT COURT

JAN 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT OPENSHAW,<br><br>       Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., and DOES 1 through 10,<br><br>       Defendants. | Case No. SACV 10-0689 CJC (SSx)<br><br>**ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER**<br><br>Complaint Filed:   April 26, 2010<br>Pretrial Conference: March 29, 2012<br>Trial Date:        March 27, 2012 |

**NOTE CHANGES MADE BY THE COURT**

All future discovery filings shall
  include the following language
      on the cover page:
"[Referred to Magistrate Judge
      Suzanne H. Segal]"

DB2/ 22906464.1

Case No. SACV 10-0689 CJC (SSx)
ORDER GRANTING STIP. TO ENTRY OF
PROTECTIVE ORDER

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR COMPEL ARBITRATION

On January 17, 2012 the parties filed a Stipulation to Entry of Protective Order.

The Court having considered the papers and the law, rules as follows:

1. This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including, without limitation, emails produced by FedEx Ground Package System, Inc. and computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

2. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by it in this litigation which contains trade secrets, intellectual property, financial information, private employee information, or other confidential customer, business, or financial information belonging to FedEx Ground Package System, Inc. or any of its employees. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22906464.1

1    Case No. SACV 10-0689 CJC (SSx)
ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

3.  Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution or defense of this action. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

4.  Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to counsel of record and their secretarial and legal assistants and, on a need-to-know basis only and subject to Paragraph 5 of this Protective Order, to the parties, to employees of the parties, and to consultants and experts retained by the parties or their attorneys for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

5.  In no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than the parties' counsel and their secretarial and legal assistants pursuant to Paragraph 4 of this Protective Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceeding relating to enforcement of this Protective Order, in the form set forth in Exhibit A hereto.

6.  Documents and information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

DB2/ 22906464.1

2

Case No. SACV 10-0689 CJC (SSx)
ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 7; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8.

7. Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (1) before or immediately after the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter and all counsel of record, given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, counsel of record, the deponent, the parties (or the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

8. With respect to testimony elicited during hearings and other court proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL. Whenever a matter designated CONFIDENTIAL is to be discussed in a hearing or other court proceeding, any party claiming such confidentiality may exclude from the room any person who is not entitled under this Protective Order to receive such information, subject to any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22906464.1

3

Case No. SACV 10-0689 CJC (SSx)

ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

ruling by the Court respecting the designation of such information as CONFIDENTIAL.

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

10. Any party filing any pleading or paper which reflects, contains, or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the title of the pleading or paper, the party filing materials, the nature of the materials filed, the legend CONFIDENTIAL, and a statement which provides in substance: "~~Subject to Protective Order issued by United States District Court for the Central District of California.~~ This should not be opened nor its contents disclosed, revealed, copied, or made public except in compliance with that Protective Order."

11. Pursuant to Local Rule 79-5, where any party files with the Court any information or documents designated as CONFIDENTIAL and any statute, federal rule, or the Judicial Conference of the United States authorizes such information or documents to be filed under seal, such information or documents shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. Where under-seal filings are authorized by statute or rule, the party filing the information or documents shall set forth the authority for such filing on the title page of the proposed filing. At the conclusion of this case, any such materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 17.

12. Pursuant to Local Rule 79-5, where information or documents that are designated as CONFIDENTIAL are filed with the Court and no statute, federal rule,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22906464.1

4

Case No. SACV 10-0689 CJC (SSx)

ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

1 or the Judicial Conference of the United States authorizes such information or
2 documents to be filed under seal, the party filing such information or documents
3 must present the information or documents to be filed to the Court with a written
4 application to file the information or documents under seal and a proposed order
5 that indicates that the information or documents shall be filed under seal. The
6 proposed order shall address both the sealing of the application and the order itself.
7 The original and a judge's copy of the information or documents shall be sealed in
8 separate envelopes with a copy of the title page attached to the front of each
9 envelope. Applications and Orders to Seal shall be filed manually in the manner
10 prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be
11 electronically filed identifying materials being manually filed. Pending the Court's
12 ruling on the application, the information or documents subject to the sealing
13 application shall be lodged under seal, and any disputes over the designation of
14 information or documents as CONFIDENTIAL may be resolved only by the
15 procedures described in Local Rule 37.

16   13.   Where the Court approves of proposed under-seal filings not
17 authorized by statute or rule, such information or documents shall be filed and kept
18 by the Court under seal and shall be made available only to the Court and to
19 persons authorized by the terms of this Protective Order. At the conclusion of this
20 case, any such materials filed with the Court under seal shall be kept under seal or
21 be returned to the party filing it for disposition as provided for in Paragraph 17.

22   14.   Any party may mark any documents or information designated as
23 CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and
24 examine any witness thereon, provided (i) the witness previously has executed a
25 written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit
26 and related transcript pages receive the same type of confidentiality designation as
27 the original document, (iii) there is reason to believe this witness has knowledge or
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22906464.1                     5                 Case No. SACV 10-0689 CJC (SSx)
ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

information to which such designated material is relevant, and (iv) the witness is entitled to see the document pursuant to the terms of this Protective Order.

15. This Protective Order shall not preclude any party from withholding production of especially sensitive trade secrets even though less sensitive trade secrets may be disclosed under the CONFIDENTIAL designations. Any party so limiting disclosure shall state, in response to any particular discovery request seeking such trade secrets, that it is doing so on trade secret grounds and provide a general description sufficient (without disclosing the trade secret) to identify the information or documents being withheld. For documents, such identification shall include the document's date, author, recipients (including carbon copy recipients), and general subject matter. No party is precluded from applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or from applying for an Order modifying this Protective Order in any respect *following CR 37. (SAS)* No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

16. ~~On any motions challenging the withholding of documents or information or seeking greater disclosure of documents or information designated CONFIDENTIAL than allowed by this Protective Order without court order, the parties' respective burdens of proof shall be as outlined in *Bridgestone v. Superior Court*, 7 Cal. App. 4th 1384 (1992). Any withheld material ordered by the Court to be disclosed shall be deemed classified CONFIDENTIAL under this Protective Order unless the Court orders otherwise, and any such order may include additional safeguards to protect the disclosed material from further disclosure. Any party ordered to disclose information that was initially withheld from production may seek writ review of that order.~~ *(SAS)*

17. Upon final termination of this action, including all appellate proceedings, unless otherwise requested in writing by an attorney of record for the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB2/ 22906464.1
6
Case No. SACV 10-0689 CJC (SSx)
ORDER GRANTING STIPULATION TO ENTRY OF PROTECTIVE ORDER

designating party to return material designated as CONFIDENTIAL to the party from whom the designated material was obtained, each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record.

18. No part of the restrictions imposed by this Protective Order may be terminated, ~~except by the written stipulation executed by counsel of record for each designating party, or by~~ SHS an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

19. This Protective Order may be amended and exceptions ~~may be made only by written stipulation of the parties or~~ by order of the Court for good cause shown on noticed motion. or by stipulation w/order. SHS

**IT IS SO ORDERED.**

Dated: 1/19, 2012

Hon. Cormac J. Carney
United States District Judge
Central District of California

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

**EXHIBIT A**

| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | BARBARA J. MILLER, SBN 167223 |
| 2 | MARIA O. GUTIERREZ, SBN 209995 |
| | JONATHAN C ARNETT, SBN 255135 |
| 3 | 5 Park Plaza, Suite 1750 |
| | Irvine, CA  92614 |
| 4 | Tel:  949.399.7000 |
| | Fax:  949.399.7001 |
| 5 | barbara.miller@morganlewis.com |
| | maria.gutierrez@morganlewis.com |
| 6 | jarnett@morganlewis.com |
| 7 | Attorneys for Defendant |
| | FEDEX GROUND PACKAGE SYSTEM, |
| 8 | INC. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ROBERT OPENSHAW, | | Case No. SACV 10-0689 CJC (SSx) |
| | Plaintiff, | **EXHIBIT A TO PROTECTIVE ORDER:** |
| vs. | | **ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE** |
| FEDEX GROUND PACKAGE SYSTEM, INC., and DOES 1 through 10, | | Complaint Filed:   April 26, 2010 |
| | | Pretrial Conference: March 19, 2012 |
| | Defendants. | Trial:                       March 27, 2012 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Case No. SACV 10-0689 CJC (SSx)

EXHIBIT A TO PROTECTIVE ORDER

DB2/ 22903887.1

   I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of that Order.

   I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, 2011, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22903887.1

1

Case No. SACV 10-0689 CJC (SSx)
EXHIBIT A TO PROTECTIVE ORDER